IN THE COURT OF APPEALS

FILED

November 19, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

CITY OF ATHENS, TENNESSEE,     )     McMINN CIRCUIT
                               )     C.A. NO. 03A01-9707-CV-00256
                               )
        Plaintiff-Appellee     )
                               )
                               )
                               )
                               )
                               )
vs.                            )     HON. EARL H. HENLEY
                               )     JUDGE
                               )
                               )
                               )
                               )
                               )
ROBERT CALLAWAY,               )     AFFIRMED AND REMANDED
                               )
        Defendant-Appellant    )


ROBERT CALLAWAY, Athens, pro se Appellant.

H. CHRIS TREW, Higgins, Biddle, Chester & Trew, Athens, for Appellee.


O P I N I O N


                                        McMurray, J.


        This action originated when the appellee, City of Athens, cited Robert Callaway for his failure to pay the city's service charges for refuse collection and disposal.  The Athens Municipal Court ordered Callaway to pay a total of $156.26 in trash collection and disposal charges.  Callaway appealed to the Circuit Court for McMinn County, arguing that the bills from the city were not

due and payable. The Circuit Court granted the city summary judgment. This appeal resulted. We affirm the judgment of the trial court.

Callaway is a veterinarian who practices his profession in a building within Athens' city limits. In 1995, the city passed an ordinance rewriting municipal code section 17-113. The new 17-113 provides:

> (1) Institutional, professional, industrial, fraternal, commercial or business establishments operated within the City of Athens shall pay a minimum monthly fee as determined by city council and adopted through its annual budget, plus an additional amount for receipt of services as determined by the supervisor of the city's sanitation department. However, businesses operating out of their residences or vehicles may be eligible for a credit of one hundred percent (100%) for the service as determined by the supervisor of the city's sanitation department.

On June 22, 1995, the city's director of finance sent Callaway a letter which cited the above section and stated that his minimum monthly fee "rate has been set at $15 per month and will be reflected on a quarterly statement from the City of Athens."

Callaway replied with a letter stating that he did not want to be "a customer of the Athens trash disposal system." He also inquired, on several different occasions, as to whether the minimum monthly fee was properly identified or classified as a "user fee" or a "tax." Upon Callaway's continued refusal to pay the charges for trash pickup and disposal, this litigation ensued.

Callaway enumerates three issues in his brief, stated as follows: "(1) whether [he] was denied due process by way of a summary judgment; (2) whether the money in question was legally

2

due; (3) whether the plaintiff did not act in good faith because the city failed to answer the defendant[']s question as to the nature of the invoices, thereby making the bills invalid."

Regarding the first issue, Callaway does not present any argument, nor cite any authority, in his brief for the proposition that his due process has been denied under the facts of this case. We find this assertion to be without merit.

Regarding the issue of whether the bills were legally due, Callaway presents no cognizable reason as to why they would not be. The thrust of the argument in his brief turns on whether the assessment for garbage collection and disposal was properly characterized as a "fee," or, as he contends, a "tax."

T.C.A. § 6-19-101 provides that every city incorporated under a city manager-commission charter, as is Athens, has the authority to "[c]ollect and dispose of drainage, sewage, ashes, garbage, refuse or other waste, or license and regulate such collection and disposal, and the cost of such collection regulation or disposal may be funded by taxation or special assessment to the property owner[.]"

The city filed the affidavit of Athens City Manager Melvin L. Barker, who stated that "[a]ll of the charges collected by the City for collection and disposal of refuse and garbage is maintained in a separate account from the City's general fund and designated solely for uses related to refuse and trash collection and disposal."

3

It is clear that T.C.A. § 6-19-101 provides authority for the city to assess such a charge as it has done in the present case, regardless of whether it is classified as a "tax" or a "fee" or something else. We find no merit in Callaway's contention that the city's reluctance to respond to his inquiries as to whether the invoices amounted to a "tax" or a "fee" made the invoices void or uncollectible.

Finally, we note that the Athens Municipal Code does allow for persons to "opt-out" of city trash collection and disposal, by electing to contract with a privately licensed waste hauler:

> Commercial, industrial, institutional, professional, fraternal and business establishments . . . electing to utilize a privately licensed waste hauler must provide evidence of a paid invoice on a quarterly basis to the City Sanitation Foreman for the minimum billing to be waived. If proper evidence is not provided, minimum billing along with any penalties are due to the city. Athens Municipal Code § 17-114(2).

Thus, it is clear that if Callaway did not want to be a "customer" of the city trash collection system, all that was required of him was to show evidence of a paid invoice to a private waste hauler. He did not do so. We find no merit in his appeal.

The judgment of the trial court is affirmed in its entirety, and the case remanded for such further actions as may be necessary. Costs of appeal are assessed to the appellant.

_____
Don T. McMurray, Judge

_____
Houston M. Goddard, Presiding Judge

4

_____
Charles D. Susano, Jr., Judge

IN THE COURT OF APPEALS


CITY OF ATHENS, TENNESSEE, ) McMINN CIRCUIT
 ) C.A. NO. 03A01-9707-CV-00256
 )
  Plaintiff-Appellee )
 )
 )
 )
 )
 )
vs. ) HON. EARL H. HENLEY
 ) JUDGE
 )
 )
 )
 )
 )
ROBERT CALLAWAY, ) AFFIRMED AND REMANDED
 )
  Defendant-Appellant )


## JUDGMENT


This appeal came on to be heard upon the record from the Chancery Court of McMinn County, and briefs filed on behalf of the respective parties. Upon consideration thereof, this Court is of opinion that there was no reversible error in the trial court.

The judgment of the trial court is affirmed in its entirety, and the case remanded for such further actions as may be necessary. Costs of appeal are assessed to the appellant.


PER CURIAM